## A05A0622. RANSBY v. THE STATE.
### (615 SE2d 651)

ADAMS, Judge.

Dwight Lamar Ransby was charged with using his car, a Dodge Omni, as a weapon against two police officers during an eight-mile police chase by attempting to run over a deputy at a roadblock and by ramming into another officer's patrol car after passing the roadblock. He pleaded guilty to several misdemeanor traffic violations and went to trial on two counts of aggravated assault. He was convicted on one count and on the lesser included charge of simple assault on the other. On appeal he contends the trial court erred by denying his motion to quash the indictment, by failing to grant a directed verdict and by denying his motion for new trial, all on the same grounds — that important evidence, his car, had been destroyed.

Officers eventually ran Ransby off the road and into a ditch, which seriously damaged the car. After he was arrested, the Georgia State Patrol called a towing service operated by Arthur Travis to pick up Ransby's car. The car appeared to be beyond repair, it was not marked for preservation by the officers and no law enforcement authorities instructed Travis on how to handle the car, except that they told him he could give the car back to Ransby. Eventually, Travis simply gave it to another impound lot where it was destroyed because it was worthless. It is undisputed that the authorities did not do anything to protect or preserve the car as evidence.

On appeal, Ransby notes that the car is the weapon that the State claims he used to assault two officers. He contends that the State failed to protect that weapon from destruction and to preserve it for trial so that it could be used in his defense.

Ransby testified that the initial reason that he attempted to elude the police was that his car was hit near a windshield wiper by a bullet at a truck stop, and that in his confusion, he thought that a deputy police officer, who was in a car nearby, might have fired the bullet. He also testified that he might have been shot at as he approached the roadblock, which caused him to duck down and

swerve toward an officer as he avoided the roadblock.[1] All of the officers at the roadblock admit that they fired at Ransby after he passed the roadblock, but they deny shooting at him as he approached the roadblock, which raises an issue of fact on that question. Thus, the car could have been used as evidence to support Ransby's claim that his car was hit by a bullet at the truck stop or that officers fired at him as he approached the roadblock.

Failure of the State to preserve evidence raises constitutional questions, which have been described by the Supreme Court:

> In dealing with the failure of the state to preserve evidence which might have exonerated the defendant, a court must determine both whether the evidence was material and whether the police acted in bad faith in failing to preserve the evidence. *Arizona v. Youngblood*, 488 U. S. 51 (109 SC 333, 102 LE2d 281) (1988). To meet the standard of constitutional materiality, the evidence must possess an exculpatory value that was apparent before it was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *California v. Trombetta*, 467 U. S. 479 (104 SC 2528, 81 LE2d 413) (1984).

*Walker v. State*, 264 Ga. 676, 680 (3) (449 SE2d 845) (1994). Applying these standards now to the evidence at issue, we find no evidence of bad faith by the police in failing to preserve the evidence. And none of the evidence suggests that the possible exculpatory value of the car was apparent before it was destroyed. In *Walker*, law enforcement authorities followed careless, shoddy and unprofessional investigatory procedures by allowing a car that constituted evidence to be disposed of before trial. Id. at 680-681 (3). Nevertheless, without evidence of bad faith, the defendant had no grounds for a reversal of his conviction. Id. The same holds true here. The case of *Sabel v. State*, 248 Ga. 10 (282 SE2d 61) (1981), cited by Ransby in support of his argument is not on point.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 9, 2005 — 

*Timothy L. Lam*, for appellant.

---

[1] He does not claim that bullets caused him to ram the second officer's car during the chase, rather he simply claims the collision was unintentional.

*Richard G. Milam, District Attorney, James L. Moss, Jr., Assistant District Attorney*, for appellee.